IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TINA PHILLIPS, § § *Plaintiff,* § § v. § § EXACT SCIENCES AND ANDREW § STELL, § § *Defendants.* § | No. 5:19-cv-00341-EEF-MLH |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

**Subject to and without waiving their right to file a motion to transfer venue pursuant to 28 U.S.C. § 1404(a)**, Defendants Exact Sciences Corporation ("Exact") and Andrew Stell ("Stell") (Exact and Stell are together referred to herein as "Defendants") file their Answer and Affirmative Defenses to Plaintiff Tina Phillips' ("Plaintiff") Petition (the "Complaint").

### I.    ANSWER

Defendants deny any and all averments in the Complaint not expressly admitted herein. In answer to the allegations contained within the separately numbered paragraphs of the Complaint, Defendants respond as follows:

1. Defendants admit the allegations contained in paragraph 1(a) of the Complaint. Defendants deny the allegation in paragraph 1(b) of the Complaint that Stell is a resident of Caddo Parish, Louisiana; defendants admit that Stell is an adult male.

2. Defendants admit the allegations contained in paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in paragraphs 4.a., 4.b., and 4.c. of the

Complaint.

5. Defendants deny the allegations contained in paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in paragraph 6 of the Complaint.

7. Defendants deny the allegations that Stell engaged in any mistreatment of Plaintiff, including the conduct attributed to him by plaintiff in paragraphs 4.a. thru 4.c. of the Complaint; Defendants lack sufficient information to admit or deny the allegations contained in paragraph 7 of the Complaint, and therefore, for purposes of pleading, deny same.

8. Defendants deny the allegations contained in paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint is a legal conclusion, neither requiring admission nor denial; and for purposes of pleading, Defendants deny same.

12. Paragraph 12 of the Complaint is a legal conclusion, neither requiring admission nor denial; and for purposes of pleading, Defendants deny same.

13. Paragraph 13 of the Complaint is a legal conclusion, neither requiring admission nor denial; and for purposes of pleading, Defendants deny same.

14. Defendants lack sufficient information to admit or deny the allegations contained in paragraph 14 of the Complaint, and therefore, for purposes of pleading, deny same.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants admit that Plaintiff demands a jury trial but deny that Plaintiff is entitled to any relief.

II. AFFIRMATIVE DEFENSES

17. Plaintiff fails to state a claim upon which relief may be granted.

18. Plaintiff's claims are barred, in whole or in part, by the applicable prescriptive period.

19. Plaintiff's claims are barred, in whole or in part, by Plaintiff's fault or the fault of another.

20. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust her administrative remedies.

21. Plaintiff's claims are barred, in whole or in part, because all employment actions taken with respect to Plaintiff were based on legitimate, non-discriminatory and non-pretextual business reasons.

22. Defendants' actions and/or omissions were not willful, intentional, malicious, or in reckless disregard of Plaintiff's rights.

23. Defendants acted in good faith with regard to Plaintiff, had reasonable grounds for believing their actions were not in violation of any law, and have made good faith efforts to comply with the law.

24. Plaintiff's damages, if any, are barred in whole or part by Plaintiff's failure to mitigate her damages.

25. Plaintiff's damages, if any, are mitigated by any wages, compensation, and any other remuneration or benefits received by Plaintiff since the end of her employment with Exact.

26. Plaintiff's claims may be barred, in whole or in part, by the doctrines of estoppel and unclean hands.

27. Defendants reserve the right to assert that after-acquired evidence may limit the damages recoverable by Plaintiff.

28. Defendants reserve the right to state additional affirmative defenses as permitted by this Court.

**WHEREFORE**, Defendants Exact Sciences Corporation and Andrew Stell respectfully request that Plaintiff Tina Phillips take nothing, and that Defendants be granted such other relief, at law or in equity, to which they may be entitled

RESPECTFULLY SUBMITTED this 1st day of April, 2019.

       */s/ Michael R. Rahmn*
Michael R. Rahmn (LA Bar #37517)
FOLEY GARDERE
FOLEY & LARDNER LLP
1000 Louisiana Street, Suite 2000
Houston, Texas 77002
Tel.: (713) 276-5500
Fax.: (713) 276-5555
mrahmn@foley.com

Daniel A. Kaplan
*Application for Admission Pro Hac Vice to be Submitted*
FOLEY & LARDNER LLP
150 East Gilman Street, Suite 5000
Madison, Wisconsin 53703-1482
Tel: 608.257.4231
Fax: 608.258.4258
dkaplan@foley.com

**ATTORNEYS FOR DEFENDANTS EXACT SCIENCES CORPORATION AND ANDREW STELL**

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing was served via ECF on this the 2nd day of April, 2019, to the following counsel of record:

    Allison A. Jones
    DOWNER, JONES, MARINO & WILHITE
    401 Market Street, Suite 1250
    Shreveport, Louisiana 71101

                                        */s/ Michael R. Rahmn*
                                        Michael R. Rahmn