UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TINA PHILLIPS                                CIVIL ACTION NO. 19-cv-0341

VERSUS                                       JUDGE FOOTE

EXACT SCIENCES, ET AL                        MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Introduction**

This is a sexual harassment and retaliation against Plaintiff's former employer, Exact Sciences, and her supervisor, Andrew Stell. The key issue in this case is whether Plaintiff's termination was based on a legitimate business reason or whether her termination was due to her rebuffing defendant Stell's advances and/or her subsequent reporting of his conduct.

Before the court is Defendants' Motion to Compel (Doc. 30) and Plaintiff's Motion to Withdraw and/or Amend Admissions (Doc. 36). The motion to compel sets forth that Defendants granted Plaintiff a one-week extension of the original due date to respond to Defendants' first set of discovery requests, which included requests for admissions, interrogatories, and requests for production. However, Plaintiff did not respond by the agreed upon extended deadline. The motion also states that Plaintiff did not request an additional extension until five days after the extended deadline had passed. Defendants state that when Plaintiff's counsel asked for an additional extension of time, Defendants' counsel denied the request because granting it would have prejudiced their clients.

Defendants seek an order compelling Plaintiff to respond to Defendants' outstanding discovery requests, holding open Plaintiff's deposition for any follow-up on any late served responses, and deeming all requests for admission to be admitted.

Plaintiff's motion to withdraw concedes that an extension of time was granted only until November 15, 2019. However, Plaintiff's counsel represents that she repeatedly provided opposing counsel good faith estimates of when Plaintiff's discovery responses would be complete, and she sought only the minimum extension believed necessary at the time. Plaintiff states that Defendants refused to grant any extension, even when Plaintiff proposed options (including resetting additional deadlines or asking to vacate the scheduling order) to eliminate any prejudice. Plaintiff also states that her responses and objections were tendered on November 27, 2019, twelve days after Defendants' agreed upon extension of time. In attempting to show good faith and diligence on the part of Plaintiff in responding to discovery, Plaintiff states:

> Undersigned counsel made diligent and good faith efforts to comply with her discovery obligations, but as with many wronged employees, Ms. Phillips is unfamiliar with the litigation process, and she unfortunately was dealing with personal issues [the death of her father] that prevented her from being responsive to her counsel.

Plaintiff argues there was no bad faith on her part, and there is no real prejudice to Defendant if the deemed admissions are withdrawn and her objections are allowed.

**Law and Analysis**

Federal Rule of Civil Procedure 36(a) provides that requests for admissions are deemed admitted if not answered within 30 days. Any matter admitted under Rule 36(a) is deemed conclusively established unless the court permits withdrawal of the admission.

Fed. R. Civ. P. 36(b). The court may permit withdrawal of an admission if the withdrawal (1) would serve the presentation of the case on its merits, but (2) would not prejudice the party that obtained the admission in its presentation of the case. Kingman Holdings, LLC v. Bank of America, 2015 WL 11661768 (W.D. Tex. 2015), citing In re Carney, 258 F.3d 415, 419 (5th Cir. 2001). Even when the two-prong test is satisfied, however, the court retains discretion to deny a request to withdraw an admission. Id.

The first prong of the Rule 36(b) framework requires that the withdrawal promote the presentation of the claims on the merits of the case. Mendez v. Joeris General Contractors, Ltd., 2013 WL 3153982 (W.D. Tex. 2013). Withdrawal of a deemed admission is appropriate in cases in which the admissions at issue directly bear on the merits of the case. Id.

The second prong established by the Rule 36(b) framework requires that the party opposing withdrawal not be prejudiced by the withdrawal. Mendez, supra. Prejudice may occur where the party faces special difficulties caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission. American Automobile Ass'n v. AAA Legal Clinic, 930 F.2d 1117, 1120 (5th Cir. 1991). However, the necessity of having to convince a trier of fact of the truth of a matter erroneously admitted is not sufficient. North Louisiana Rehab Ctr., Inc. v. United States, 179 F. Supp. 2d 658, 663 (W.D. La. 2001).

After considering the relevant factors, the court **grants** Plaintiff's **Motion to Withdraw and/or Amend Admissions (Doc. 36)**. The court finds that there was no bad faith or dilatory intent, especially when Plaintiff's counsel provided opposing counsel with good faith estimates of when Plaintiff's discovery responses would be complete. The court

takes Plaintiff's counsel at her word when she says that Plaintiff was not responsive to her because Plaintiff was dealing with issues that arose as a result of the death of her father.

Some of the requests for admissions sought to have Plaintiff admit that Defendants reasons for her termination are accurate. Of course, these issues go to the heart of the case. Allowing such admissions to stand would definitely impact the presentation of the merits of the case. Defendants had to know that Plaintiff disputed whether the proffered reasons were pretextual based on the allegations of Plaintiff's petition.

The court perceives very little prejudice to Defendants if Plaintiff is allowed to withdraw her admissions and maintain her objections. The delay at issue was minimal—only 12 days. Moreover, the court can grant relief to Defendants in their motion to compel that would eliminate any prejudice by reopening Plaintiff's deposition to inquire about information provided in Plaintiff's belated responses to discovery.

Defendants' **Motion to Compel (Doc. 30)** is **granted in part and denied in part** as follows. Plaintiff is ordered to provide full and complete responses to Defendants' discovery requests (asserting only good faith objections where necessary) within seven days of the date of this order. Defendants' request to confirm that Defendants' requests to admit are deemed admitted is denied. The court grants Defendants' request to hold Plaintiff's deposition open to address any subsequently produced discovery.

Defendants' request for costs and fees in connection with the motion to compel is denied, because the court perceives that, had all counsel communicated in good faith, these issues likely would not have been presented to the court. Busy lawyers sometimes miss a

deadline. The court is loath to hold such minor mistakes against their clients on the showing made here.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of January, 2020.

Mark L. Hornsby
U.S. Magistrate Judge