UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TINA PHILLIPS | CIVIL ACTION NO. 19-cv-0341 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| EXACT SCIENCES, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

**Introduction**

Tina Phillips ("Plaintiff") was employed by Exact Sciences, and her supervisor was Andrew Stell. Plaintiff filed suit in state court against both of them based on allegations that Mr. Stell subjected her to unwanted sexual advances and, four days after Plaintiff complained to Exact Sciences, she was terminated. Defendants removed the case based on diversity jurisdiction.

Before the court is Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 24). An untimely brief filed in connection with that motion led to Defendants' Motion to Strike Plaintiff's Untimely Reply Brief (Doc. 39) and Plaintiff's Motion for Leave to File Late Reply or Deem the Filed Reply Valid (Doc. 45). For the reasons that follow, the motion to strike is denied, the motion to file late reply is granted, and the motion for leave to amend is denied.

**Procedural History**

Plaintiff's state court petition alleged that Mr. Stell subjected her to a campaign of unwelcome sexual advances, most of which occurred when he was supervising Plaintiff

during sales visits to customers. Plaintiff said that she reported Mr. Stell's conduct to Exact Sciences' human resources department, and four days later she was terminated for reasons that were "false, defamatory, and pretextual for retaliation." Petition, ¶¶ 1-9. Mr. Stell's conduct is alleged to be quid pro quo and hostile environment sexual harassment in violation of the Louisiana Employment Discrimination Law. ¶ 11. Plaintiff also alleged that the conduct constituted the tort of intentional infliction of emotional distress and battery under Louisiana Civil Code Art. 2315. ¶ 12. Exact Sciences was alleged to be liable pursuant to the Louisiana law doctrine of respondeat superior because Mr. Stell's actions were within the course and scope of his employment. ¶ 13.

The petition specifically invoked Louisiana law but did not cite any federal laws or specifically allege a claim under federal law. The nearest the petition came to invoking federal law is Paragraph 14, which stated: "Plaintiff has timely filed a charge with the Equal Employment Opportunity Commission and is currently waiting on the issuance of a Notice of Right to Sue."

Defendants removed the case based on diversity jurisdiction, and the court entered a scheduling order. Doc. 14. The deadline for amendment of pleadings was set for July 19, 2019. The discovery deadline was November 29, 2019, later extended to January 31, 2020 for limited purposes. The dispositive motion deadline has been extended to February 15, 2020, and trial is set for June 15, 2020. Doc. 38.

Plaintiff received a notice of right to sue from the EEOC. The notice has a stamp that indicates it was mailed to Plaintiff and her counsel on August 26, 2019, about five weeks after the deadline for amendment of pleadings. Plaintiff waited until November 27,

2019 (more than four months after the deadline) to file her motion for leave to file an amended complaint.

The four-paragraph motion represents that (1) Plaintiff filed her petition in state court in February 2019, (2) Defendants removed the complaint in March 2019, (3) Plaintiff wishes to amend Paragraph 14 of her petition to state that she has received a notice of right to sue, and (4) defense counsel does not consent to the granting of leave to amend. The proposed first amended complaint simply repeats the first three paragraphs of the motion but does not allege any additional facts or state that any claims are asserted under Title VII. The proposed amendment to Paragraph 14 states only: "Plaintiff has timely filed a charge with the Equal Employment Opportunity Commission and received her Notice of Right to Sue, attached hereto as Exhibit A." The motion was not accompanied by a memorandum.

Defendants filed a memorandum in opposition and strongly objected that the proposed amendment was untimely, noted that the defense had put Plaintiff on notice earlier in the litigation that she should request a stay if she wanted to await a notice of right to sue and amend to add Title VII claims, and argued that Plaintiff had not demonstrated good cause to excuse the untimeliness of the proposed amendment. Plaintiff later filed an untimely reply memorandum in which she (1) contended that her state-court petition already alleged causes of action for Title VII harassment and retaliation and (2) urged that leave to amend should be freely given when justice so requires.

**Motion to Strike; Motion for Leave to File Late Reply**

The court issued a notice of motion setting (Doc. 25) that set briefing deadlines in connection with Plaintiff's motion to amend complaint. Defendants filed a timely

memorandum in opposition on December 11, 2019, and the notice allowed Plaintiff until December 18, 2019 to file a reply memorandum. Plaintiff did not file her reply until December 27, 2019, nine days late.

Defendants filed a motion to strike (Doc. 39) on the grounds that the reply was untimely. Plaintiff responded that there was confusion in her office because two notices of motion setting were issued in this case, with the other in conjunction with a motion to compel, at about the same time. Plaintiff also filed, in response to the motion to strike, a Motion for Leave to File Late Reply or Deem the Filed Reply Valid (Doc. 45).

The court is not persuaded that the confusion asserted by counsel constitutes good cause. The notice of motion setting is clear about the deadlines. There is, however, no significant harm to the defense to consider the reply. Accordingly, the court exercises its discretion to deny Defendants' Motion to Strike Untimely Reply Brief (Doc. 39). Plaintiff's Motion for Leave to File Late Reply or Deem the Filed Reply Valid (Doc. 45) is granted.

**Leave to Amend**

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The standard is very liberal. The Fifth Circuit has explained that "unless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." <u>Martin's Herend Imports v. Diamond & Gem Trading</u>, 195 F.3d 765 (5th Cir. 1999).

But the rule is different when, as here, the court has issued a scheduling order that set a deadline for amendment of pleadings and that deadline has passed.  Federal Rule of Civil Procedure 16(b) governs amendments after a scheduling order deadline has expired.  The movant must first demonstrate good cause to modify the scheduling order before the more liberal standard of Rule 15(a) will apply to the district court's decision to grant or deny leave.  S&W Enterprises, LLC v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003).

The court look to four factors in determining whether there was good cause for the delay: (1) the movant's explanation for her failure to timely move for leave; (2) the importance of the proposed amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.  Lampkin v. UBS Fin. Servs., Inc., 925 F.3d 727, 741 (5th Cir.), cert. denied, 140 S. Ct. 389 (2019).

Plaintiff's original motion was not accompanied by a memorandum and did not attempt to meet her burden of demonstrating good cause.  Defendants squarely raised the good cause requirement in their memorandum in opposition, but Plaintiff's reply also lacked any argument that good cause exists.

The first factor to consider is the movant's explanation for her failure to timely move for leave.  Plaintiff has not offered any explanation of why she waited from her receipt of the notice in August 2019 until late November 2019 to file her motion for leave to amend complaint.  Accordingly, this factor does not support a finding of good cause.

The next factors are the importance of the proposed amendment and the potential prejudice in allowing the amendment.  Defendants point out that they have a pending

But the rule is different when, as here, the court has issued a scheduling order that set a deadline for amendment of pleadings and that deadline has passed.  Federal Rule of Civil Procedure 16(b) governs amendments after a scheduling order deadline has expired.  The movant must first demonstrate good cause to modify the scheduling order before the more liberal standard of Rule 15(a) will apply to the district court's decision to grant or deny leave.  S&W Enterprises, LLC v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003).

The court look to four factors in determining whether there was good cause for the delay: (1) the movant's explanation for her failure to timely move for leave; (2) the importance of the proposed amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.  Lampkin v. UBS Fin. Servs., Inc., 925 F.3d 727, 741 (5th Cir.), cert. denied, 140 S. Ct. 389 (2019).

Plaintiff's original motion was not accompanied by a memorandum and did not attempt to meet her burden of demonstrating good cause.  Defendants squarely raised the good cause requirement in their memorandum in opposition, but Plaintiff's reply also lacked any argument that good cause exists.

The first factor to consider is the movant's explanation for her failure to timely move for leave.  Plaintiff has not offered any explanation of why she waited from her receipt of the notice in August 2019 until late November 2019 to file her motion for leave to amend complaint.  Accordingly, this factor does not support a finding of good cause.

The next factors are the importance of the proposed amendment and the potential prejudice in allowing the amendment.  Defendants point out that they have a pending

motion for partial dismissal, and in the briefs related to that motion Plaintiff conceded any state law retaliation claim and some of her other claims. Defendants express concerns that introducing a Title VII claim now would trigger a potential cause of action for Title VII retaliation after the discovery period has, for all practical purposes, closed.

Plaintiff argues that her state-court petition already alleged Title VII causes of action for harassment and retaliation, and her proposed amendment would merely correct her original statement that she was waiting on the issuance of a notice of right to sue to correctly state that she has received the notice. Plaintiff made a similar statement in a brief field earlier in the proceedings. Doc. 21. The defense took strong issue with this and pointed to the lack of allegation of a federal claim in the original petition. Doc. 23.

Plaintiff's contention that her state-court petition alleged Title VII claims of harassment and retaliation is not well supported by a review of that pleading. The pleading specifically invoked Louisiana law to support her sexual harassment claim, alleged retaliation in a generic sense, otherwise invoked Louisiana law, and nowhere mentioned Title VII. Plaintiff did state that she had filed a timely charge with the EEOC, which implied that upon receipt of a notice of right to sue she might amend to add Title VII claims, but the petition did not mention Title VII or other federal law. It is almost certain that the case would have been remanded had Defendants attempted to remove it based on federal question. Jacobs v. Audubon Home Health of Baton Rouge, Inc., 2018 WL 3946555, *4 (M.D. La. 2018), adopted at 2018 WL 3945602 (M.D. La. 2018) (motion to remand granted where petition cited Louisiana employment laws and mentioned an EEOC charge but did

not invoke Title VII; no federal question jurisdiction).¹ Accordingly, the undersigned is not persuaded that the original petition alleges any Title VII claims.

Plaintiff's proposed amended complaint also lacks any particular allegation of a Title VII claim. It merely states that Plaintiff has received her notice of right to sue. This undermines the importance of the proposed amendment because, arguably, it does nothing of substance. The receipt of the notice might defeat an affirmative defense of failure to exhaust administrative remedies if a Title VII claim had been alleged, but there does not appear to be a Title VII claim asserted. Under that interpretation of the pleadings, granting leave to amend would not significantly prejudice the defense. But if the mere allegation

---

¹ The plaintiffs in Johnson v. City of Shelby, 135 S.Ct. 346 (2014) filed suit in federal court and alleged violations of their Fourteenth Amendment right to due process. The Fifth Circuit affirmed summary judgment for the defendants because the complaint did not specifically invoke 42 U.S.C. § 1983. The Supreme Court summarily reversed because "no heightened pleading rule requires plaintiffs seeking damages for violations of constitutional rights to invoke § 1983 expressly in order to state a claim." The undersigned reads Johnson as an application of the federal pleading standard to a case in which the plaintiffs embraced and asserted a federal-law claim in their federal-filed complaint, but their complaint was challenged for lack of citation to a particular statute. In a removed case such as this one, the well-pleaded complaint rule provides that a plaintiff is the master of her petition and may rely solely on state law even when federal claims might available. Johnson is not viewed as a silent, summary reversal of the well-pleaded complaint doctrine. See Redus, 61 F. Supp. 3rd 668, 678-79 (reaching the same conclusion) and Smith v. Sutherland Bldg. Material Centers L.P., 2017 WL 814134, *5 (W.D. La. 2017) (Perez-Montes, M.J.) (rejecting similar argument based on Johnson); and Poole v. City of Shreveport, 2018 WL 5624313, *5 (W.D. La. 2018) (Hornsby, M.J.), adopted, 2018 WL 5621979 (W.D. La. 2018) (Doughty, J.). There is no Title VII claim in Plaintiff's petition that would be recognized under the well-pleaded complaint rule. The Title VII claim cannot be like Schrödinger's Cat, which was simultaneously both alive and dead. It cannot be non-existent under the well-pleaded complaint rule yet simultaneously exist for purposes of stating a claim on which relief may be granted.

that Plaintiff has received her notice of right to sue somehow were to be construed as asserting a Title VII claim, that would be prejudicial to the defense because the new claim(s) arrived after Defendants would have had a fair opportunity to conduct discovery on those claims and prepare a motion that addressed them.

The final factor is the availability of a continuance to secure any prejudice. Plaintiff has not requested a continuance, defendants oppose one, and the case appears to be on track for timely resolution under the current scheduling order. Thus, this factor does not weigh significantly in favor of allowing the amendment.

After considering the relevant factors, the undersigned does not find that Plaintiff has demonstrated good cause to modify the scheduling order and allow consideration of her proposed amendment under the more liberal standards of Rule 15(a). Plaintiff could have requested an extension of the deadline to amend pleadings when it became apparent that she would not receive her notice of right to sue before then. She could have also asked for leave to amend quickly after receiving her notice of right to sue, only a few weeks after the pleading deadline, and it would have been looked upon more favorably. Instead, there was a lengthy unexplained delay before Plaintiff asked to file an amendment that doesn't squarely assert a Title VII claim but could unnecessarily complicate the litigation because of its ambiguity.

**Conclusion**

For the reasons stated above, Plaintiff's **Motion for Leave to File First Amended Complaint (Doc. 24)** is **denied**, Defendants' **Motion to Strike Untimely Reply Brief**

**(Doc. 39)** is **denied**, and Plaintiff's **Motion for Leave to File Late Reply or Deem the Filed Reply Valid (Doc. 45)** is **granted**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this the 27th day of January, 2020.

Mark L. Hornsby
U.S. Magistrate Judge